UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **LAC REAL ESTATE HOLDINGS, LLC, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-2962** |
| **BILOXI MARSH LANDS CORP., ET AL** | **SECTION T(1)** |

Before the Court is a Motion for Consideration of Recusal, filed on behalf of the plaintiffs (Rec. Doc. 76). The matter was taken under submission on January 16, 2008. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

## ORDER AND REASONS

Plaintiffs, while stating that they have no reason to doubt the objectivity of the Court in deciding the Rule 12 and abstention motions before it, nonetheless filed the motion at issue requesting the Court to consider recusal from the above-captioned matter. 28 U.S.C. § 455, which governs the obligation to recuse, states in pertinent part:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

> (b)  He shall disqualify himself in the following circumstances:
>
>> (1)  Where he has a personal bias or prejudice concerning a party, or personal knowledge of
>>
>> disputed evidentiary facts concerning the proceedings.

If reasonable man, were he to know all the circumstances, would harbor doubts about judge's impartiality, then recusal is warranted.  Health Services Acquisition Corp. v. Liljeberg, 796 F.2d 796, 800 (5th Cir.1986), aff'd, 486 U.S. 847, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988).  Adverse judicial rulings alone do not  support an allegation of bias under 28 U.S.C. §455.  Matasserin v. Lynch, 174 F.3d 571 (5th Cir. 1999) (citing In Re: Billedeaux, 972 F.2d 104, 106 (5th Cir. 1992)).

Plaintiffs have requested this Court recuse itself from this matter based upon "the Court's recent and well publicized situation."  The plaintiffs ask the Court to consider whether it has the time to devote to the many issues raised by these motions, to decide the issues expeditiously and move the cases along and whether the recusal would "avoid the possible argument that the case was decided for the wrong reasons."

As stated by the Biloxi Marsh defendants, as well as the Molero heirs, the Memorandum and Order rendered by the Judicial Council of the Fifth Circuit on December 20, 2007, alluded to by the plaintiffs, states that unless the matter is a bankruptcy case, a bankruptcy appeal or a civil or criminal case to which the United States is a party, this Court may "continue [the] civil docket and administrative duties..." It is undisputed that this case is not a  bankruptcy case, a bankruptcy appeal or a civil or criminal case to which the United States is a party.  Therefore, the  Memorandum and Order rendered by the Judicial Council of the Fifth Circuit is inapposite to this issue at hand.

The suggestion that the Court does not have the time to devote to the issues raised by the motions pending before it or the time to decide the issues expeditiously is utterly unsubstantiated. In addition, there is no evidence to support plaintiffs' argument that should this Court deny jurisdiction or abstain from the issues presented, anyone would question whether the decision was reached to lighten the work load of the Court.   The suggestions as to what the appellate court or public will think is rank speculation and unworthy of further comment.

Accordingly,

**IT IS ORDERED** that the Motion for New Trial and/or Motion to Recuse, filed on behalf of the plaintiffs, be, and the same is hereby, **DENIED.**

New Orleans, Louisiana, this 13th day of February, 2008.

_____
**G. Thomas Porteous, Jr.
United States District Judge**