**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**LAC REAL ESTATE HOLDINGS, L.L.C. and**                    **CIVIL ACTION**
**CARMA HOLDINGS, L.L.C.**

**VERSUS**                                                   **07-2962**

**BILOXI MARSH LANDS CORPORATION, ET AL.**                   **SECTION "C"(1)**


<u>ORDER  AND  REASONS</u>

Before the Court is the Motion to Stay Pending Depositions in Underlying State Court

Action Under Rule 62 filed by plaintiffs LAC Real Estate Holdings, L.L.C. and Carma Holdings,

L.L.C.  (Rec. Doc. 123).

The Court having considered the record, the memoranda and arguments of the parties, the

law and applicable jurisprudence is fully advised in the premises and ready to rule.

**I.      BACKGROUND**

On June 10, 2008, the plaintiffs instigated this  suit requesting a writ of

mandamus to cancel the recordation of unconstitutional tax sales.   The parties to this action have

engaged in litigation in Louisiana state court since 2001 concerning possession and title of the

Louisiana immovable property at issue in this suit.

In March 2008,  this Court ruled that it  abstained  and stayed this action pending

resolution of the state court proceedings.  (Rec. Docs. 32,  34, 108,  109).   The plaintiffs have

taken an  interlocutory appeal from  this ruling, which  is pending before the United States Court

of Appeal for the Fifth Circuit. (Rec.  Docs. 110 and 111).

Subsequently, the plaintiffs  filed this Motion to Stay Pending Depositions in Underlying

State Court Action Under Rule 62, requesting the Court to issue an injunction pursuant to F.R.C.P. 62(c) enjoining depositions in the ongoing state court proceedings.

## II.   LAW AND ANALYSIS

Federal Rule of Civil Procedure 62(c) provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."   F.R.C.P. provides a remedy for a party who has been adversely affected by a court's issuance of an injunction.   The adversely affected party may request the court to stay the injunction while that party appeals the injunction.   The district court's power to grant injunction pending appeal is limited to maintaining the status quo and should not to extend to the point that the district court divests the court of appeals from jurisdiction while the issue is on appeal. *Coastal Corp. v. Texas Eastern Corp,*. 869 F.2d 817, 820 (5th Cir. 1989).

This action was stayed pursuant to the Court's March 2008 abstention and stay order, which is on appeal.   The plaintiffs argue that their mandamus suit is similar to a request for injunction and that the Court's March 2008 stay order is in effect a denial of an injunction.   The plaintiffs assert that therefore this Court should issue an injunction under F.R.C.P. 62(c) of depositions in the ongoing state court proceedings while the appeal of this Court's abstention and stay order is pending.

The plaintiff's motion for an injunction of depositions in the state court proceedings is inconsistent with, and raises similar issues as, the Court's previous ruling that it abstains and stays this action pending resolution of those same state court proceedings.   The Court finds that a ruling on the plaintiffs' motion would be inappropriate at this time. The Court therefore defers ruling on the Motion to Stay Pending Depositions in Underlying State Court Action Under Rule

62 filed by plaintiffs LAC Real Estate Holdings, L.L.C. and Carma Holdings, L.L.C.

Accordingly;

**IT IS ORDERED THAT**  the plaintiffs'  Motion to Stay Pending Depositions in Underlying

State Court Action Under Rule 62 is  hereby  **DISMISSED** without prejudice.  The plaintiffs may

re-urge the motion at a later date if ripe for consideration.

New Orleans, Louisiana, this  ___8th___ day of September,  2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE